UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBRA LYNN SINGLETON,

        Plaintiff,

        v.                                 **DECISION AND ORDER**
                                                    18-CV-290S
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.     Plaintiff Debra Lynn Singleton challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since July 9, 2013, due to lower back pain and herniated discs. Plaintiff contends that her back condition renders her unable to work, and thus, she is entitled to disability benefits under the Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

        2.     Plaintiff filed a Title II application for a period of disability and insurance benefits and applied for supplemental security income (SSI) on July 21, 2014. The Commissioner denied these applications on September 10, 2014. Thereafter, on January 4, 2017, ALJ Paul Georger held a hearing at which Plaintiff appeared with counsel and testified. Vocational Expert ("VE") Timothy P. Janikowski also testified. The ALJ considered the case *de novo* and, on March 13, 2017, issued a written decision finding that Plaintiff is not disabled and therefore not entitled to benefits under the Act. The

Appeals Council denied Plaintiff's request for review on December 28, 2017. Plaintiff filed the current action on February 26, 2018, challenging the Commissioner's final decision.[1]

3. On December 18, 2018, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 13.) On February 28, 2019, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 17.) Plaintiff filed a reply on March 21, 2019 (Docket No. 18), at which time this Court took the motions under advisement without oral argument. For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the function of a reviewing court is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted). The Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979). Substantial evidence is that which amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[1] The ALJ's March 13, 2017 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age,

education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since July 9, 2013, the alleged onset date (R. at 36);[2] (2) Plaintiff's lumbar disc herniations constitute severe impairments (Id.); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 37); (4) Plaintiff retains the residual functional capacity ("RFC") "to lift, carry, push and pull 10 pounds occasionally and less

---

[2] Citations to the underlying administrative record are designated as "R."

4

than 10 frequently … [s]he can sit for six hours in an eight-hour workday, stand for two hours in an eight-hour workday and walk for two hours in an eight-hour workday but must have a sit and stand option" (R. at 38); and (5) Plaintiff is unable to perform any past relevant work but jobs that Plaintiff can perform exist in the national economy in significant numbers (R. at 45). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period—July 9, 2013, through March 13, 2017. (R. at 46.)

10. Plaintiff argues that remand is required because the ALJ's decision is not supported by substantial evidence and because the Appeals Council erred by rejecting new medical evidence submitted in support of her request for review. Neither argument has merit.

11. The Appeals Council will review a denial of benefits if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). Evidence is "new" if it is non-cumulative and has not been considered before in the administrative process. See Sergenton v. Barnhart, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (citing Lisa v. Sec'y of Health and Human Servs., 940 F.2d 40, 43 (2d Cir. 1991)); Pferrer-Tuttle v. Colvin, No. 1:14-CV-00727, 2015 WL 5773524, at *5 (W.D.N.Y. Sept. 30, 2015). Evidence is material if it is both relevant to the claimant's condition during the time period for which benefits were denied and probative. Sergenton, 470 F. Supp. 2d at 204. Evidence is probative if it would have influenced the [Commissioner] to decide claimant's application differently. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988). "Additional evidence may relate to

5

the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." Hightower v. Colvin, No. 12-CV-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing Brown v. Apfel, 174 F.3d 59, 64-65 (2d Cir. 1996)).

12. "Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (per curiam). If the Appeals Council denies review, the ALJ's decision, not the Appeals Council's, is the final agency decision subject to further review, and the new evidence submitted to the Appeals Council becomes part of the administrative record on appeal. See id.; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996); Catoe v. Berryhill, 17-CV-86, 2019 WL 483319, at *7 (W.D.N.Y. Feb. 7, 2019) ("Because the Appeals Council did not review the ALJ's decision, however, this Court does not review the determination of the Appeals Council."). Accordingly, when reviewing the ALJ's decision, the court "review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." Perez, 77 F.3d at 46.

13. Here, this Court finds that substantial evidence supports the ALJ's decision. Plaintiff faults the ALJ for misapplying the treating-physician rule, but examination of the ALJ's decision reveals no such error. First, the ALJ afforded great weight to the opinion of Steven Hausmann, M.D. Dr. Hausmann was not Plaintiff's treating physician. He first examined Plaintiff on November 12, 2013, as part of an Independent Medical Examination

6

for workers' compensation. (R. at 40, 44.) Dr. Hausmann examined Plaintiff twice more, in 2015 and 2016, culminating in his July 2016 opinion that Plaintiff could work but had a "moderate-to-marked disability," should not bend or stoop, could walk for 15-20 minutes at a time, could sit up to 30 minutes, could stand in one position for 10-15 minutes at a time, and could not lift or push/pull more than 15 pounds maximally and 10 pounds repetitively. (R. at 43, 536.) The ALJ gave great weight to this opinion because Dr. Hausmann had examined Plaintiff, had reviewed her entire medical record, and provided function-by-function limitations. (R. at 44.)

14. However, in contrast, the ALJ gave "little weight" to the opinion of Plaintiff's treating physician, Edward Simmons, M.D., who opined in September 2016 that Plaintiff had a "total 100% disability" and could not work. (R. at 44, 681.) The ALJ explained that he discounted Dr. Simmons' opinion because his "total 100% disability" determination was based on workers' compensation regulations (not social security standards) and did not include a function-by-function analysis of Plaintiff's limitations. (R. at 44.)

15. Under the treating-physician rule, the ALJ must give the medical opinion of a claimant's treating physician "controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 404.1527(c)(2). But this rule does not apply to administrative findings, which are "reserved to the Commissioner." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks omitted); see also 20 C.F.R. § 404.1527(d). An opinion that an individual is completely disabled or is unable to work is not a "medical opinion," but rather, is an administrative finding on an issue that is reserved to the Commissioner. See Trepanier v. Comm'r of Soc. Sec. Admin., 752 Fed.Appx. 75,

7

77 (2d Cir. 2018); Campbell v. Comm'r of Soc. Sec., No. 15 CIV. 2773 (AJP), 2016 WL 6462144, at *12 (S.D.N.Y. Nov. 1, 2016) (finding that conclusory statements regarding Plaintiff's ability to work are not entitled to treating physician deference). A claimant is entitled to an explanation of the weight afforded his or her treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

16. As explained above, the ALJ set forth his reasons for discounting Dr. Simmons' opinion: his several "total 100% disability" determinations (R. at 44, 313, 328, 412, 673) were administrative findings reserved to the Commissioner and were based on workers' compensation standards,[3] and his opinions were unsupported by a function-by-function analysis of Plaintiff's limitations. These are sufficient reasons for rejecting the treating physician's opinion. See Greek v. Colvin, 802 F.3d 370, 374 (2d Cir. 2015) ("[t]he ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner"); Davies v. Astrue, No. 08-CV-01115, 2010 WL 2777063, at *4 (N.D.N.Y. 2010) ("the ALJ properly discounted [a treating physician's] opinions that Plaintiff was unable to work because they were rendered for a Workers' Compensation Claim."). And contrary to Plaintiff's argument, the ALJ was not obligated to develop the record by seeking a function-by-function analysis from Dr. Simmons because there were no deficiencies or gaps in the record that precluded the ALJ from rendering his decision. Rosa, 168 F.3d at 79; Tankisi v. Comm'r of Soc. Sec., 521 Fed. App'x 29, 34 (2d Cir. 2013) (summary order) (noting that an ALJ may assess RFC when the record contains

---

[3] Plaintiff correctly notes that Dr. Hausmann also examined Plaintiff in the workers' compensation context. There is no inconsistency in the ALJ's treatment of the two physicians' opinions, however, because Dr. Hausmann's opinions were based on a function-by-function assessment of Plaintiff's abilities, whereas Dr. Simmons' opinion was conclusory—"total 100% disability"—unaccompanied by any function-based findings.

8

enough evidence from which an RFC determination can be made). For example, when a "treating physician does not provide a specific function-by-function assessment," but the "record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate." Kinsey v. Berryhill, No. 1:15-CV-00604, 2018 WL 746981, at *4 (W.D.N.Y. Feb. 6, 2018).

17. In finding no error, this Court has considered the new evidence Plaintiff submitted to the Appeals Council. That evidence consists of 2017 records from Dr. Simmons' office relating to Plaintiff's right sacroiliac surgery that post-date the ALJ's decision.[4] (R. at 2, 8-25.) Plaintiff's issues with her right sacroiliac joint and desire to undergo surgery were well-documented in the record before the ALJ. (R. at 36-37, 629-630, 638-639, 641-642, 645-649, 654-656, 667-670, 679-681, 545-547, 410-412, 686-689, 21-25, 17-20, 12-16, 8-11.) The ALJ was aware that Dr. Hausmann and Dr. Simmons disagreed as to whether right sacroiliac surgery was necessary. (R. at 43.) Indeed, the workers' compensation board also had doubts concerning the surgery, delaying approval until 2017. (R. at 44.) Issues attendant to the right sacroiliac joint were therefore considered by the ALJ and the subsequent surgery, which Dr. Hausmann concluded was not medically indicated and would not improve Plaintiff's condition, does not bear on or reasonably call into question the ALJ's RFC determination.[5] The ALJ was permitted to rely on Dr. Hausmann, including his opinion that surgery was not medically

---

[4] The Appeals Council also references records received from Syracuse Orthopedic Specialists, but those records are not contained in the record nor does either party discuss them. (R. at 2.)

[5] For this reason, Dr. Hausmann's opinion is not stale, as Plaintiff argues. There is no evidence of significant deterioration warranting surgery. Rather, it appears that the workers' compensation board simply relented and finally approved the long-sought surgery (R. at 24). See Cruz v. Comm'r of Soc. Sec., No. 1:16-CV-00965 (MAT), 2018 WL 3628253, at *6 (W.D.N.Y. July 31, 2018) ("consultative examination is not stale simply because time has passed, in the absence of evidence of a meaningful chan[ge] in the claimant's condition.")

9

indicated, and adequately explained his reasons for doing so.  Accordingly, this Court finds that the ALJ's decision is supported by substantial evidence.

18. Plaintiff additionally argues that the Appeals Council's rejection of her new evidence alone requires remand.  The Appeals Council found that the additional evidence did not relate to the period at issue and did not affect the ALJ's disability determination. (R. at 2.)  Because the Appeals Council denied review, this Court reviews only the ALJ's decision, not the Appeals Council's action.[6]  See Catoe, 2019 WL 483319, at *7 (citing Lesterhuis, 805 F.3d at 87); but see Lavango v. Berryhill, Case No. 16-CV-106-FPG, 2017 WL 2129491, at *4 (W.D.N.Y. May 17, 2017) (reviewing Appeals Council action); Bluman v. Colvin, No. 15-CV-627-FPG, 2016 WL 5871346, at *4 (W.D.N.Y. Oct. 7, 2016) (same). In any event, for the reasons articulated above, this Court finds that the new evidence is not probative because it would not change the ALJ's decision.  See Tirado, 842 F.2d at 597. Consequently, even assuming that the Appeals Council erred in its treatment of the new evidence, further consideration of that evidence would not have altered the ALJ's decision, and therefore, there is no reversible error.  See, e.g., Suttles v. Colvin, 654 Fed.Appx. 44, at *47 (2d Cir. 2016) (finding no reversible error where there was no reasonable possibility that new evidence submitted to the Appeals Council would have altered the ALJ's decision, even assuming that the Appeals Council erred in its treatment of the new evidence); Ayala v. Berryhill, No. 18CV123 (VB)(LMS), 2019 WL 1427398, at *16 (S.D.N.Y. Mar. 12, 2019) (finding that, even if the Appeals Council erred by not

---

[6] In Lesterhuis, the Second Circuit left open the question of whether the Appeals Council's action may constitute independent error:  "we need not consider Lesterhuis's alternative argument that the Appeals Council has an independent obligation to provide "good reasons" before declining to give weight to the new, material opinion of a treating physician submitted only to the Appeals Council and not to the ALJ." 805 F.3d at 89.

considering new evidence that related to the relevant period, remand was not warranted because there was no reasonable possibility that consideration of the new evidence would have caused the ALJ to decide the case differently).

19. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated: October 1, 2019
    Buffalo, New York


                s/William M. Skretny
                WILLIAM M. SKRETNY
                United States District Judge